We'll hear argument next in number 2012-5003, SEMPER v. United States. Mr. Simpson, when you're ready. Good morning, Your Honors. May it please the Court, Andrew Simpson on behalf of Alfredo SEMPER. The jurisdiction of the Federal Court of Claims in this case was established in the cases of Hall, Worthington, and Romero. This is kind of an unusual case, I think, because there's a complex issue that the Court of Federal Claims got right, the FASTO issue and the CSRA. And then there is a simple issue that is based upon precedent in this court as finding that the court got wrong. I don't completely understand your point about FASTO. I'm not quite sure how the Court of Claims got past FASTO. I mean, the Supreme Court's holding is very explicit. It said that there was a clear congressional intent to basically disallow judicial review for these proceedings, and specifically said that to the extent that it's inconsistent with the Equal Pay Act, that it was completely overrided, that the CSRA completely overrided. So how are you telling me that you got FASTO right? Well, as the Court of Federal Claims noted, the CSRA was comprehensive legislation, and this court has recognized it as well, designed to address a patchwork scheme that applied to the executive branch. The patchwork scheme that the Congress was correcting was a scheme that applied only to the legislative branch. Judicial employees were at will employees and were not even subject to that patchwork scheme. The CSRA, the actual... It applied to civil servants, right? I mean, it was not my understanding that the CSRA was purely executive branch. I thought it was civil service, and then, of course, some judicial employees or civil servants, right? Well, actually, the CSRA mentions judicial branch only one time in the entire public law. The CRSRA is then implanted into existing parts of Title V. So when you talk about what was Congress addressing, they're not addressing judicial branch. They're not addressing legislative branch. They were fixing a problem with the executive branch employees with the way that their various rights were... Let me see if I understand. You would say then, I take it, that an employee of the administrative office of the U.S. that he or she would have rights to proceed in the court of federal claims, or where? I think the... Using an employee of the administrative office is a difficult example because at one time they were under the executive branch, and at another time they're under the judicial branch. We're under the judicial branch now. Right, okay. It's important to me to understand the breadth of your position, to know what your position is with respect to that rather large group of people. If they are under the judicial branch and they are subject to termination by the judicial branch, they don't fall within Chapter 75 of the CSRA. Well, they certainly don't fall within Chapter 75 in the sense that they have board rights and so forth. But the question is, does the fact that they don't have board rights then immediately throw them into a situation where they do have rights, for example, to proceed through the court of federal claims? I don't believe so because there are employees that will, like all other judicial employees with the exception of probation officers and judges. How about magistrate judges? Could they proceed before the court of federal claims? A magistrate judge... Is there an appointment? Is an appointed position... Subject to removal? Well, but magistrate judges are appointed by the president. Normally by the court. I'm sorry, you're correct. Magistrate judges are appointed by the court. And so... Just like probation. But magistrate judges don't have a statute that says you can only be discharged for cause. And that's one reason why, in this case, a probation officer clearly does not fall within Chapter 75. There is an adverse personnel procedure, in effect, established by Congress after... Years after the CSRA was adopted in Section 18 U.S.C. 3602. And it says a probation officer may not be... Now, how can that square... That's completely outside of the CSRA. And Your Honor's opinion in Hall says that when a case falls outside of the CSRA, the court of federal claims retains jurisdiction. Most judicial employees won't have a remedy here, or in the court of federal claims, because they're at-will employees. All, of course, involved conduct that was not within the type of conduct that was reached by the CSRA. Whereas this, the conduct is termination. But it is not... I'm sorry. But it is not termination within Chapter 75. It is termination within 18 U.S.C. 3602. It's completely outside of the CSRA. Yes, but if somebody were terminated who is, let's say, a probationer, they wouldn't have termination rights within Chapter 75, but they also wouldn't have termination rights or anything else under any provision of the CSRA or under the court of federal claims, right? I mean, they'd just add a lock. Correct. That's the kind of person that Fausto was talking about. Right. And I also think it's important to realize that the broad holding of Fausto, that the CSRA supplants other remedies and is a comprehensive scheme, is good law. But actually, the Supreme Court's holding that Congress had this carefully crafted decision to exclude employees was very quickly overruled by Congress. And they said, employees like Fausto are included. And they remedied that. So I think it would be improper to read Fausto as saying, well, from now on, given congressional action, we're going to say that, well, there was this carefully construed decision to exclude the judicial branch from the CSRA when it's not even mentioned in the CSRA except for one time when it's talking about loaning employees to different organizations. And also, Fausto's Supreme Court, they concentrated a lot of emphasis, especially considering that it was Justice Scalia that wrote the opinion, on the legislative history. And there is no legislative history in the CSRA to say, we're fixing something to do with the judicial branch and we're excluding the judicial branch from this. It's absolutely silent on it. I think it's also important to realize that in addition to adopting the statute specifically dealing with probation officers after the CSRA was enacted, Congress also modified the Back Pay Act to have it apply to employees of the federal courts. So post-CSRA, Congress says the Back Pay Act, with its reference to an appropriate authority, applies to federal court employees, whereas at the time of the CSRA it didn't. Now, if there's no appropriate authority to decide the right of a federal judicial employee who has been discharged in violation of a statute, why would they even extend the Back Pay Act to federal employees? So I think there's two post-CSRA enactments by Congress that take this completely outside of FOSTA. Well, of course, if the employee is not paid at all, or the employee is not given compensation for sick leave or something to which the employee was entitled, I suppose that would be the kind of thing that I would assume that the employee would have cause of action for federal claims, wouldn't you think? Cleanse the Back Pay Act? Because that doesn't fall within the heartland of what the CSRA is all about. But then you still need a statute that... Right, the statute would be the statute that says if you miss days because of illness, you get paid for those days up to a certain number of days. Yes, in that situation, a judicial employee would have access to the court of appeals. So there is a reason to have the Back Pay Act apply to judicial employees that does not somehow suggest that something would fall into termination or furlough or suspension, et cetera, would necessarily lead to a cause of action in the court of appeals. That's true, Your Honor. There are broader reasons to have the Back Pay Act apply. I agree with that. I think it's important to realize that this is a situation where Congress has created a protection for probation officers and the result of the Court of Federal Claims interpretation leaves and the result also of overruling the Court of Federal Claims on the Foust Bill issue is to say there is no remedy for violation of this statute for this employee. Let me ask you, you say, I confidently assume correctly that there is not in place any kind of internal procedural mechanism in the District of the Virgin Islands with respect to internal review of personnel decisions such as this one but there is in some districts, a few districts, I guess. What if there were? Do you think that would displace the Court of Federal Claims? Yes, Your Honor, I do. Because I think the way Hall has written, it says that where the Court of Federal Claims is the appropriate authority of last resort in essence. If there is an administrative remedy and the District Court could clearly have had an administrative remedy here and could have provided it as the exclusive remedy. Even though it's not technically a judicial remedy, I mean, it's your own employee, it amounts to a lateral type hearing and not much else, right? That would be enough, you think, to displace the right to a judicial hearing on a question of cause? Well, I think typically in these plans there is a right of appeal to the judicial conference for that circuit. Well, that's the way it works. It's something, but it's not what one normally would think of as judicial review. Agreed, Your Honor. But that's how it works for all the other EDR. Almost every court has an EDR plan for dealing with all kinds of other employment issues. And that's how it works. It's an appeal usually to the Chief Judge who may appoint another judge, and then your only appeal from there is to the judicial conference for the circuit. And that's been held to be valid. You know, if I were the employee, I probably would not be very happy with it, but it passes the test. And that would be true if the employee has a for-cause provision in statute or appointment? I think the way it's been interpreted. Yes, Your Honor. Thank you. Yeah, we're here, but we'll save the remainder of your rebuttal. Let's hear from the government, please. May it please the Court. As the Court has alluded, the first issue to be addressed is the application of Fausto as elaborated a bit on more recently by the Supreme Court in Elgin, which recognizes the exclusivity of the CSRA in terms of covered adverse personnel actions. And in this case, the adverse personnel action that is at issue is Ms. DeCimper's removal from service. Now, what is your concept of the scope of the CSRA's preclusive effect? Obviously, all civil servants in the executive branch, both of you agree with that. Would you... But you'd also agree, I assume, that military personnel are not covered by Fausto in the sense that because Fausto doesn't give military personnel rights, that they therefore have no rights. Yes, the military in the sense of armed... Armed forces, not people who are serving as civilians within the Department of the Army. Right. But how about, what is the scope of your concept of how far the CSRA goes for Fausto-type preclusive purposes? I think to preface my remarks, this may be semantics, but I think it's important, and that is that I believe when the courts and the lawyers, when we discuss this and talk about the CSRA, what is meant is not precisely that act, but the scheme that remained in place once that act took effect. Fair enough. And as has been described in the briefs, Title V applies to the civil service, which is recognized as federal employees in all three branches of government. And so the CSRA, using that as the shorthand, Title V, to the extent it grants rights or doesn't grant rights, it covers all the personnel in the civil service, meaning all of the employees in all three branches of government, to the extent it does not grant administrative and judicial review as to certain personnel actions that are covered by the CSRA to judicial employees, then it has preclusive effect. I would say the U.S. scope, it would have the same preclusive effect as to military, as to who are specifically polluted, as to legislative employees who are not... You're not including military, right? Right, right, right, as you mentioned. There are a number of groups that are identified in various ways, in various sections. Not every section includes or excludes all of the same people. Overall, the statute, Title V, applies in many ways to judicial employees. As has been alluded to, there are a number of employment benefits that are granted to judicial employees as they are to executive and legislative employees, such as leave with pay statutes, premium pay statutes, severance pay statutes. As has been mentioned, the Back Pay Act includes judicial branch employees under its coverage. And so there is a recognition by Congress, in all of these personnel matters, that they are dealing with all three branches of government. What do you do with the fact that, in this case, we have someone who has a statutory right not to be discharged except for cause? How does that person enforce the for-cause entitlement, other than by moral suasion with his employer? I'm not sure that he can. I'm not sure that there is a judicial remedy. I think that is a statutory instruction to the court that probation officers serving without compensation can be dismissed at the discretion of the court. Those serving with compensation should be dismissed for cause. For cause is not a defined term there. And the reason I mention that, and again, I'm not sure this is particularly important, but we're not talking Chapter 75 here. We're talking Chapter 73, which is a fair unit. I mean Chapter 43. It's a fair unit to perform situation. And the cause involved there is different, for example, from the cause involved in a removal into Chapter 75. I'm sorry? It doesn't have to be efficiency of the service. It's not defined at all. I think it is an instruction to the judicial branch that with regard to these particular employees, they're not to be dismissed except for cause. Now, of course, here the dismissal was for cause. Mr. Semple wants to challenge that. He wants to challenge the merits as to whether it was... Was there a mechanism for him to challenge it within the circuit? As far as I know, Mr. Semple is right, is that the district court in the Virgin Islands has not adopted the specific adverse procedures with regard to probation. And I believe that the regular employment dispute resolution procedures do not cover this situation. So I don't believe there was an administrative remedy within this particular court. I'm not up to date for sure on Mike Biven's law, but assuming that he were to make an argument that he was fired arbitrarily and capriciously in violation of due process, then I suppose he could bring an action to the district court. The courts that have addressed that, and there are a number of circuits that have addressed that, have followed the construct of looking at the CSRA saying a termination is an action covered by the CSRA, and because the CSRA does not grant administrative or judicial review, you can't bring a Biven's action. You could bring a racial discrimination action, for example, and you could bring that presumably on either a Title VII or I would assume a Fifth Amendment basis. Maybe you'd be limited to Title VII if you're right that those cases would say that Biven's is excluded by CSRA. But you would have a Title VII action. I would think you would. I'm not truly conversant in Title VII, but I think it just deals with employees and recognizes the United States as an employer and doesn't otherwise distinguish between the employees of the United States. But even in this context, were there any of those Biven's cases that you say where courts have rejected it because of the existence of the CSRA, have they addressed the particular statute that relates to probation officers and the fact that they cannot be discharged other than for cause? A couple of those cases were probation officer cases. I don't recall that they specifically addressed the for-cause language in the statute, but they were dealing with probation officers. It would seem that a for-cause provision, a statutory provision, would give right to a property right. I agree. I think that's right. But I think, again, here, following from Fausto, we do have the Supreme Court's recent decision in Elgin, and there you had a group of employees. Admittedly, they were executive branch employees who could go to the MSPB, and that's eventually what the Supreme Court said. It said even for their constitutional claims, they could not take it to district court. They had to find their remedy within the CSRA. And I think the same situation is true here, that whatever your claim is, if you're talking about a civil servant being terminated from his position, being dismissed from his position, that either he finds a remedy in the CSRA or he doesn't have one. Unless there's an administrative remedy that's been provided by his employer. Right. He doesn't have a judicial remedy. And to the extent there are administrative remedies provided. And I think that's a recognition, again, of the comprehensive scheme and the recognition by Congress that, yes, Congress was going to deal with the employees that it dealt with, but it was going to leave to itself, leave to the legislative branch and leave to the judicial branch their separate abilities and their inherent authority to control their personnel, to set up whatever systems they wanted to set up to deal with their personnel. Beyond that, for a moment, I'll address the analysis of the trial court with regard to whether there was any basis upon which it could exercise Tucker Act jurisdiction. Because the trial court kind of put the file store aside. The trial court correctly identified, well, recognized that the plaintiff had not identified a money mandating statute that would have given rise to Tucker Act jurisdiction. The statutes identified by Mr. Semper were the Back Pay Act, which this court has repeatedly held is derivative in nature in that there needs to be some other statute which mandates the payment of money and then the Back Pay Act can kick in for that. The two statutes otherwise that Mr. Semper has identified, one we've talked about, it's the one about dismissal for cause. It does not talk about payment of money. It talks about the appointment and removal from the position of probation officers and giving the court authority to do that. The other statute is a list of duties of the director of the administrative office of the United States courts dealing with the probation program. What would happen if the district simply said to Mr. Semper prior to firing him, without firing him, they simply said, we're not going to pay you. You've got no money. Our petty cash is run low and we're going to use your salary to boost up our petty cash. Would he have a cause of action anymore? I think as the discussion with Mr. Simpson involved was along the right lines and Mr. Simpson, to the extent Mr. Semper is relying on Hall and Worthington, I think that's what those cases... Where's the money mandating statute there? It's not here. Where he's not being paid his salary. I see. I thought you were talking generally... No, I just want to test the extent to which you think there's just no remedy even if he doesn't get paid. Pay would be a problem because that's one of the things within Title V that does not cover the judicial branch. To the extent Title V deals with pay for executive branch employees, it does not deal directly with pay for judicial branch employees. It does cover benefits such as leave with pay and premium pay for work and stuff like that, but not actual salaries. There, in terms of a Tucker Act claim, I believe the difficulty would be there is no statute dealing with pay for the judicial employees, as far as I'm aware, and to the extent they're fixed either by the director of the administrative office of the U.S. courts or otherwise established, those would be in the nature of regulations of the judicial branch, and the Tucker Act allows money mandating regulations but executive regulations, and so it would not satisfy the requirements of the Tucker Act to use a judicial regulation, if you will, dealing with salary. So no judicial employee can enforce their right to be paid for work that they've performed? There's a lot of judicial employees in the room, so you better... The law clerks are squirming. I understand that. I hadn't really thought about it, but I think the answer may be that except within the judicial branch itself, whatever system is set up, for example, the employment dispute, and I'm not sure whether the employment, the EDR, the Employment Dispute Resolution Program, deals directly with pay or not. I hate to raise the ugly specter, but at some point, wouldn't refusal by the court to pay so that it could shift the money into petty cash constitute something other than good behavior? It might, and I will confess that I have thought about that a little bit, and not specifically, but that if the complaint is in the nature of judicial misconduct, there are procedures for dealing with that, but I'm not sure it would afford the employee any appropriate remedy. In other words, the judge may somehow be subject to discipline, but that doesn't get the employee his money. Right, but the judge left this guy out on bond, right? I presume so. Yes, and as to the merits, I really don't know where, if any, fault lies. And so, for those reasons, we respectfully request the court to affirm the dismissal of Mr. Simpson's complaint. Thank you. Very good. Mr. Simpson. You have three minutes. Your Honors, if the CSRA is exclusive, and that's the only remedy, but then it's not available to judicial employees, then the Supreme Court teaching in Fausto says all these EDR plans that are adopted in every single district are invalid, because the CSRA is the only remedy. Well, Fausto said there's no judicial review remedy. That's different than saying there can be no remedy at all. Well, I think what Fausto is saying is the CSRA has supplanted. We have this patchwork. We're getting rid of the patchwork, and this is it. And the question before the court happened to be on judicial review, but I think the result has to follow from administration. But any agency can create the most elaborate form of review of employee complaints that it wants, and that doesn't run foul of the CSRA. I mean, at the end of the day, after all those procedures are finished, they can have a 16-level review with a hearing and a trial before an independent arbitrator if they want. That's fine. But then at the end, you get to go to the MSBB. But not if you're an employee. Or not. But I don't think the CSRA, Title V, says anything to the agencies about how they can't implement such an administrative process, and I would assume the same would be true of the courts. Well, I think what Fausto says is that to the extent it applies to anything other than the executive branch, it would say your exclusive remedy is within the CSRA, and you don't have one. But I think that's one reason why Fausto clearly does not apply to judicial branch employees. There's a quote from a Supreme Court opinion from back in 1901, Downs v. Bidwell, 182 U.S. 244, at page 258, that says, It is a maxim not to be disregarded, that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. And that's what we have here. Fausto dealt with an executive branch employee and a comprehensive plan to deal with the executive branch employee problems. Here we have a judicial branch employee. There's no, any congressional intent you can divine from the CSRA and subsequent actions, such as extending the Back Pay Act and this very specific statute, 3602, is that it doesn't apply to executive branch opinions, judicial branch employees. To answer your question, Your Honor, I don't believe Title VII does apply. Congress has only applied Title VII to the executive branch. There is a separate... Extended it to itself. Through a separate act, they have extended it to themselves and they deliberately left the judicial branch out and left those remedies for the judicial branch to adopt through its own plans. And I think, again, that demonstrates they do not see the CSRA as applying to the judicial branch. Do you agree with this point that there was no mechanism within the circuit to appeal the district court's determination? Yes, Your Honor. Okay. And as far as Bivens, the only probation officer case that I'm aware of is the Dotson case out of the Second Circuit. That didn't deal with an employee discharged under this statute. It was actually a Title VII case, and they said you don't have a Bivens action. So... Thank you, Your Honor. Thank you. We thank both counsel. The case is submitted.